IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WENDELL HARRISON,

    Plaintiff,                    CV F 98 5981 LJO WMW P

vs.                            ORDER RE MOTIONS IN LIMINE

BRENDA WAIDELICH,

    Defendant.

    Jury trial in this matter is set for September 17, 2007. Before the court are defendants' motions in limine to bifurcate issues and to exclude evidence.

    Defendant seeks to bifurcate the issues of liability and damages. Defendant requests the court to exercise its discretion under Federal Rule of Civil Procedure 42(b) to bifurcate these issues. Defendant argues that there can be no award of damages if there is no finding of liability. The Court finds the issues in this case to be clear and simple, and that judicial economy is served by not bifurcating the issues of damages and liability. Defendant's motion to bifurcate is therefore denied.

    Defendant seeks to exclude mention of and admission of evidence regarding the reasons for requiring plaintiff to wear an electronic shock belt during his criminal trial. Specifically, Defendant seeks to exclude this evidence on the following grounds:

    1. The reasons the belt was placed on plaintiff during his criminal trial are not relevant to the issue of whether defendant Waidelich intentionally activated the electrical shock cycle of the

belt.

2. Evidence regarding the reasons the court ordered plaintiff to wear the belt during his criminal trial is relevant only to a collateral attack on the court's judgment in the criminal case and should be excluded as violatove of the *Rooker/Feldman* doctrine.

3. This evidence should be excluded under Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and by consideration of waste of time.

Plaintiff has not opposed the motion to exclude evidence of the reasons why he was ordered to wear the shock belt. The Court therefore grants this motion.

Defendant also seeks to exclude all mention of and evidence of her training in the use of the electronic shock belt. Defendant seeks to exclude this evidence on the ground that it is not relevant to the issue of whether she intentionally activated the electrical shock cycle of the belt while it was affixed to plaintiff's waist. Plaintiff has not opposed the motion to exclude evidence of defendant's training in the use of the shock belt. This motion is therefore granted.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to bifurcate the issues of liability and damages is denied.

2. The motion to exclude mention of and admission of evidence regarding the reasons for requiring plaintiff to wear an electronic shock belt during his criminal trial is granted. This evidence is excluded.

3. The motion to exclude all mention of and evidence of defendant's training in the use of the electronic shock belt is granted. This evidence is excluded.

IT IS SO ORDERED.

**Dated:   September 18, 2007**          /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE